IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY NOLAN, )
)
Plaintiff, )
)
-vs- )
Civil Action No. 07-540
R. JAMES NICHOLSON, Secretary, Department )
of Veterans Affairs, )
)
Defendant. )

AMBROSE, Chief District Judge.

OPINION and ORDER

SYNOPSIS

In this civil action, Plaintiff seeks to enforce several aspects of an order entered by the Office of Federal Operations ("OFO") of the Equal Employment Opportunity Commission ("EEOC"), and to recover counsel fees incurred in connection with an appeal of an initial EEOC determination. Defendant has filed a Motion to Dismiss the Complaint, under Fed. R. Civ. P. 12(b)(1) and (6), for lack of subject matter jurisdiction and failure to state a claim. Also pending is Plaintiff's Motion for Special Relief, seeking, inter alia, permission to cash Defendant's checks purportedly made for payment of counsel fees incurred in connection with the aforesaid appeal. For the following reasons, Defendant's Motion will be granted, and Plaintiff's denied.

I. BACKGROUND FACTS

The pertinent background facts are not in dispute. On May 10, 2004, the EEOC

issued a decision regarding Plaintiff's complaints of Defendant's illegal employment activity, with a finding favorable to Plaintiff. That award included compensatory damages, and attorney fees and costs in the amount of $101,852.40. Defendant appealed, inter alia, the amount of attorney fees awarded by the administrative judge; Plaintiff cross-appealed certain elements of the compensatory damage award. By Decision and Order dated June 7, 2006 (the "June 7 Order"), the OFO of the EEOC determined that Plaintiff's counsel was entitled to fees related to trial work in the amount of $90,951.65. It also determined that Plaintiff was entitled to "reasonable" fees in connection with the appeal of the agency's final order and the cross-appeal, and that counsel should submit a statement of such fees directly to the agency. The June 7 Order also directed Defendant to process the claim for fees in accordance with 29 C.F.R. § 1614.501.

On December 7, 2006, Plaintiff filed a Petition for Enforcement with the EEOC, seeking enforcement of the of the June 7 Order. Plaintiff's counsel avers that an EEOC officer verbally represented that Defendant had acknowledged its obligation and failure to pay, and that Defendant promised to put the payment in the mail, but that the officer did not ask Defendant the sum of the anticipated check.[1] The EEOC officer wrote a letter, dated January 10, 2007, stating that "compliance monitoring has ceased," for the following reason:

> The agency has provided us documentation sufficient to demonstrate that it has taken the corrective action(s)

1 Based on Fed. R. Civ. P. 11, I will accept counsel's representations made in Plaintiff's opposing brief. In addition, many of these facts are pleaded in Plaintiff's Complaint

> ordered in the Commission's decision. **This action will not be construed as an adjudication of the merits of any claim(s) arising out of the corrective action.**[2]

In accordance with the June 7 Order, Plaintiff's counsel submitted to Defendant a statement of fees in the amount of $47,307.00. Defendant entered a Final Agency Decision ("FAD") thereon. The FAD, dated January 23, 2007, stated that Defendant was applying 29 C.F.R. § 1614.501, et al., and concluded that Plaintiff was entitled to a total award of $23,757.00 for counsel fees relating to the appeal. The FAD contains a provision advising that the complainant has the right to file a civil action in district court.

Although she alleges that they were paid in an untimely and "egregious" manner, Plaintiff avers that she received payment for all fees other than those relating to the appeal of the EEOC decision. She also attaches copies of checks from Defendant in the amount of $23,757.00. In both her Complaint and Motion for Special Relief, however, Plaintiff disputes that this is the total amount of fees properly due.

Plaintiff's Complaint now seeks to enforce several aspects of the OFO Order, in addition to the alleged failure to pay the full amount of fees due, such as failing to restore Plaintiff's tour of duty and change her supervisor, posting a Violation Notice, and other allegedly noncompliant conduct.

## II. APPLICABLE STANDARDS

---

[2] Emphasis in original.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of the plaintiff's suit. A Rule 12(b)(1) attack may be directed at "the existence of subject matter jurisdiction in fact." Mortensen v. First Federal Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In such a Rule 12( b)(1) motion, no presumption of truthfulness attaches to the allegations of the plaintiff. Id. The plaintiff bears the burden of persuading the court that it has jurisdiction as compared to the burden of the defendant under a Rule 12(b)(6) motion of convincing the court that the plaintiff has failed to state a claim. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006). If I determine that this Court does not have subject matter jurisdiction over the case, I must dismiss the action. Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988). I will dismiss a complaint only if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L. Ed. 2d 80 (1957). In ruling a motion for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the

defendants with adequate notice to frame an answer." Colburn, 838 F. 2d at 666.

III. DEFENDANT'S MOTION

Defendant argues that the EEOC did not make a determination of non-compliance with the EEOC Order, and therefore that this Court lacks jurisdiction to enforce that Order.

Plaintiff does not appear to dispute that an EEOC finding of non-compliance with an EEOC Order is a prerequisite to my exercise of jurisdiction over a court action to enforce such an Order.[3] See, e.g., 29 C.F.R. § 1614.503; Timmons v. White, 314 F.3d 1229, 1232-34 (10th Cir. 2003); Malek v. Leavitt, 437 F. Supp. 2d 517 (D. Md. 2006); Tshudy v. Potter, 350 F. Supp.2d 901, 906 (D.N.M. 2004). Instead, Plaintiff argues that her civil action is governed by 42 U.S.C. § 2000e-16(c), which permits judicial review in the absence of an EEOC finding.

I must accept Defendant's argument, and reject that of Plaintiff. Even reading her Complaint liberally, Plaintiff has pleaded her case as an enforcement action, rather than as a civil action under Section 2000e-16(c). Her Prayer for Relief seeks an Order compelling Defendant to obey various aspects of the June 7 Order. The substance of her Complaint, too, seeks enforcement. Plaintiff argues that Defendant has completely failed to perform certain actions, such as posting the violation notice, required by the Order. With respect to fees, Plaintiff claims that

---

[3]Plaintiff accurately notes that a federal employee "who prevails in the administrative process may sue in federal court to enforce an administrative decision," and that such an action does not trigger de novo review of the merits. Morris, 420 F.3d at 290. In order to "prevail" under this principle, however, Plaintiff must have also prevailed in an administrative finding of non-compliance. At that point, she will have exhausted her administrative remedies regarding enforcement of the subject Order.

Defendant violated the Order by paying the improper amount. The June 7 Order allowed for the recovery of "reasonable" fees, and directed the agency to process counsel's fee petition according to applicable regulations; those regulations, in turn, provide guidance regarding the fee amount. On the face of the FAD, as directed by the OFO's Order, Defendant considered the regulations in determining the fee amount. The claim, in other words, takes issue with the manner in which Defendant undertook fee payment under the June 7 Order.

Moreover, contrary to Plaintiff's argument, her Complaint is not properly characterized as a civil action under Section 2000e-16(c), because it addresses only the remedial portion of the underlying proceedings. "[A] federal court must conduct a de novo trial of a plaintiff's claims - rather than an appellate review of a particular administrative result." Morris v. Rumsfeld, 420 F.3d 287, 294 (3d Cir. 2005). For that reason, "[u]nder Title VII, federal employees who secure a final administrative disposition finding discrimination and ordering relief have a choice: they may either accept the disposition and its award, or file a civil action, trying de novo both liability and remedy. They may not, however, seek de novo review of just the remedial award...." Scott v. Johanns, 409 F.3d 466, 471-72 (D.C. Cir. 2005); see also McDonald v. Gonzales, 7:05-CV-55, 2007 U.S. Dist. LEXIS 21720, at **22-25 (D.N.Y Mar. 27, 2007) (collecting cases).

This principle is not altered by the fact that liability and the fee award in this case were determined in two separate administrative decisions. A court is empowered to fashion a remedy "'if the court finds' that discrimination occurred,"

and therefore a judicial remedy must depend on judicial findings, including those regarding liability, regardless of multiple administrative decisions. Morris, 420 F.3d at 292-294. In this case, Defendant's liability for attorney's fees rests on a determination of liability for discriminatory conduct. 29 C.F.R. § 1614.501(e). Any fee award in this case, therefore, must rest on judicial findings of liability as well. Therefore, because Plaintiff's Complaint seeks only a limited review of the remedial portion of the EEOC's Order, rather than a de novo review of the entire proceeding, I cannot consider it under Section 2000e-16(c).[4]

In sum, because this is an action to enforce an EEOC Order, Plaintiff must present the prerequisite EEOC determination of non-compliance. Here, no such determination was made; instead, the EEOC officer closed the file, stating only that Defendant demonstrated that it had taken the corrective actions ordered, and that it made no adjudication of the merits. There is no evidence or record of an EEOC finding that Defendant failed to comply with the June 7 Order, such that judicial enforcement is available. It is beyond doubt, based on the allegations and Exhibits of the Complaint, that this jurisdictional prerequisite to suit is lacking, and that Plaintiff cannot otherwise state a claim for which relief can be granted. Therefore, pursuant to both Rule 12(b)(1) and 12(b)(6), I will dismiss Plaintiff's Complaint.

[4] I have concluded that this is not a 2000e-16(c) action, because of the limited review sought. Alternatively, however, one might characterize this as a 2000e-16(c) action, albeit one that is fatally deficient because of the limited review sought. Under the latter formulation, even if the exercise of jurisdiction is appropriate, the Complaint would be subject to dismissal under 12(b)(6) for failure to state a claim.

## IV. PLAINTIFF'S MOTION

Finally, I address Plaintiff's Motion for Special Relief (Docket No. 9). She avers that Defendant mailed her checks in purported payment of the counsel fees, in the amount found in the FAD. She seeks permission to cash those checks, and preserve the dispute over amounts due Plaintiff. Because I will dismiss the Complaint, I am without authority to adjudicate Plaintiff's Motion. I will deny the Motion accordingly, without prejudice. Defendant's Reply Brief need not be filed.

## CONCLUSION

Although I acknowledge Plaintiff's plight with respect to fees, it remains that she has not chosen the correct avenue of relief. I cannot entertain her claim as either an enforcement action or a de novo civil suit. I am therefore unable to entertain her Motion for Special Relief, which relates to her Complaint and the Defendant's conduct vis-a-vis the Order sought to be enforced. Even if I had jurisdiction over the Complaint, Plaintiff has failed to state a claim under Rule 12(b)(6) standards. I will dismiss Plaintiff's Complaint, without prejudice to Plaintiff to refile an appropriate Complaint, should she wish to do so; I will deny her Motion for Special Relief under similar circumstances. An appropriate Order follows.

*************************

## ORDER OF COURT

AND NOW, this **20th** day of July, 2007, it is ORDERED that Defendant's Motion to Dismiss (Docket No. 4) is GRANTED, without prejudice to Plaintiff to file an Amended Complaint cognizable under 42 U.S.C. § 2000e-16(c) within ten (10) days of

today's date, or to file a Complaint after she has satisfied jurisdictional prerequisites applicable to an enforcement action, in accordance with applicable time limitations.

Plaintiff's Motion for Special Relief (Docket No. 9) is also DENIED, without prejudice to Plaintiff to reassert the issues stated therein in connection with an Amended Complaint, if one is filed.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge